# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES HORTMAN**
    **Petitioner,**

  v.              Case No. 05-C-0308

**UNITED STATES OF AMERICA**
    **Respondent.**

## RULE 4 ORDER

  Petitioner Charles Hortman filed this 28 U.S.C. § 2255 action attacking his conviction and sentence. He requested that I withhold action on the motion until he could file a supporting memorandum. Petitioner has now filed the memorandum, so I will proceed to preliminarily examine the motion under Rule 4 of the Rules Governing § 2255 Proceedings, which provides:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion or other response . . . .

Rule 4(b), Rules Governing § 2255 Proceedings.

  Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

## I. BACKGROUND

Petitioner was found guilty by a jury of (1) conspiracy to possess with intent to distribute over five kilograms of cocaine; (2) conspiracy to commit money laundering; (3) money laundering; (4) possession with intent to distribute more than 500 grams of cocaine; and (5) being a felon in possession of a firearm. I sentenced him to a total of 360 months in prison, followed by five years of supervised release. Petitioner appealed, arguing that the prosecutor made an improper closing argument, and that I erred in determining drug quantity and in imposing an enhancement for weapon possession under U.S.S.G. § 2D1.1. The court of appeals rejected his arguments, affirming his conviction and sentence. United States v. Hortman, 82 Fed. Appx. 476 (7th Cir. 2003), cert. denied, 541 U.S. 952 (2004).

## II. DISCUSSION

In the instant motion, petitioner argues that (1) his lawyer was ineffective in seven respects, (2) he was the victim of prosecutorial vindictiveness, and (3) the sentence violated his Sixth Amendment rights because it was based on facts not found by the jury. I will order the government to respond to the seven ineffective assistance claims. However, the vindictive prosecution and sentencing claims must be summarily denied.

**A.     Prosecutorial Vindictiveness**

Petitioner argues that his due process rights were violated when the prosecutor obtained a superseding indictment adding a felon in possession of a firearm count after he rejected the government's plea offer. Because petitioner failed to raise this claim before me or on direct appeal, it was procedurally defaulted for collateral review. Thus, he may raise the claim now only if he can show "cause" for the default and actual "prejudice"

resulting from a failure to consider the claim. United States v. Frady, 456 U.S. 152, 167 (1980). Petitioner makes no effort to show cause, and, because the claims lacks merit, he cannot demonstrate actual prejudice, i.e. "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage." Id. at 170.

"A prosecution is vindictive and a violation of due process if undertaken 'to punish a person because he has done what the law plainly allows him to do.'" United States v. Polland, 994 F.2d 1262, 1266 (7th Cir. 1993) (quoting United States v. Goodwin, 457 U.S. 368, 372 (1982)). The court must "presume that a prosecutor's decision to seek increased charges in a superseding indictment is valid." United States v. Bullis, 77 F.3d 1553, 1559 (7th Cir. 1996) (citing Goodwin, 457 U.S. at 384). Therefore, in order to obtain an evidentiary hearing on such a claim, the defendant "must offer sufficient evidence to raise a reasonable doubt that the government acted properly in bringing the [new] charge." United States v. Falcon, 347 F.3d 1000, 1004 (7th Cir. 2004). "To raise a reasonable doubt as to the propriety of charges added before trial, a defendant 'must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication.'" Id. (quoting Bullis, 77 F.3d at 1559). There are limited circumstances where a defendant is entitled to a presumption of vindictiveness, but those cases ordinarily arise after trial, following the defendant's exercise of his right to de novo review.[1] Id. at 1005. In the pre-trial context, "evidence of suspicious timing alone

---

[1] "Where either the presumption of vindictiveness applies or the defendant has come forward with objective evidence of actual vindictiveness, the burden shifts to the

3

does not indicate prosecutorial animus." Id.; see also United States v. Segal, 299 F. Supp. 2d 840, 846 (N.D. Ill. 2004) (stating that evidence of suspicious timing alone does not indicate prosecutorial animus). "Only if a defendant can present evidence other than or in addition to timing will the burden shift to the government to come forward with proof that the motivation behind the charge was proper." Falcon, 347 F.3d at 1005 (citing Bullis, 77 F.3d at 1559).

In the present case, petitioner alleges that the prosecutor enhanced the charges after he rejected the government's plea offer. This is insufficient to show vindictiveness. The Supreme Court has held that "the Due Process Clause of the Fourteenth Amendment [does] not prohibit a prosecutor from carrying out a threat, made during plea negotiations, to bring additional charges against an accused who refused to plead guilty to the offense with which he was originally charged." Goodwin, 457 U.S. at 377 (citing Bordenkircher v. Hayes, 434 U.S. 357 (1978)).

Petitioner claims that the gun charge was filed to prejudice him in the eyes of the jury. However, any additional charge could have the effect of making a defendant look worse to a jury. Petitioner presents no evidence that the charge was added for any improper purpose or in order to create unfair prejudice. Petitioner cites United States v. Estrada, 849 F.2d 1304, 1305 (11th Cir. 1991), in which the defendant claimed that (1) the prosecutor threatened to file charges against him that the prosecutor had no probable cause to believe were warranted, (2) defense counsel coerced him to plead guilty by threatening to withdraw, and (3) both prosecutor and defense counsel promised him a light

---

government to come forward with evidence that the motivation behind the charges was proper." Bullis, 77 F.3d at 1559.

4

sentence if he would cooperate. The court held that, if proven, these allegations could entitle the defendant to relief. Id. at 1306. However, in the present case, petitioner does not contend and there is no evidence to suggest that the gun charge was unwarranted or unsupported; the jury's verdict confirms the propriety of the charge. Therefore, petitioner's claim fails.

**B.     Sentencing Claims**

Petitioner first claims that his sentence is unlawful under Apprendi v. New Jersey, 530 U.S. 266 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), because it was based on judicial fact-finding. Because Booker does not apply retroactively to sentences, such as petitioner's, that became final before January 12, 2005 (the date Booker was released), the claim fails. McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

Petitioner also argues that his sentence was unconstitutional because it was based on prior convictions not found by the jury.[2] As petitioner notes, the prior conviction exception recognized in Almendarez-Torres v. United States, 523 U.S. 224 (1998), and carried over in Apprendi, Blakely and Booker, may be in jeopardy. See Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring). However, even after Shepard, the exception still stands (though it may have been narrowed). See United States v. Ngo, No. 04-2662, slip op. at 5 (7th Cir. May 3, 2005). Petitioner makes no showing that his sentence was imposed contrary to Shepard; instead, he argues that his sentence was invalid because the predicate convictions were not charged in the indictment

---

[2]I determined that petitioner was a career offender under U.S.S.G. § 4B1.1.

5

and proven to the jury beyond a reasonable doubt. Neither <u>Shepard</u> nor any other Supreme Court case requires that. Nor does it appear that <u>Shepard</u> could even be applied to petitioner's sentence given the retroactivity rulings applicable to <u>Apprendi</u> and its progeny. <u>See, e.g.</u>, <u>Schriro v. Summerlin</u>, 124 S. Ct. 2519 (2004) (holding that <u>Ring</u> is not retroactive); <u>McReynolds</u>, 397 F.3d at 481 (holding that <u>Booker</u> is not retroactive); <u>Curtis v. United States</u>, 294 F.3d 841, 843 (7th Cir. 2002) (holding that <u>Apprendi</u> is not retroactive). Finally, petitioner's sentence would have been the same even without the operation of § 4B1.1 based on my guideline determinations on the specific offenses of conviction.[3] Therefore, petitioner is entitled to no relief on this claim.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the government file a response to petitioner's claims of ineffective assistance of counsel (claims one-seven) within **30 days** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner's eighth, ninth and tenth claims are summarily **DENIED**.

The court will address further scheduling upon receipt of the government's response.

Dated at Milwaukee, Wisconsin, this 4th day of May, 2005.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

---

[3]These offenses created an offense level of 41, which, coupled with a criminal history category of VI, produced an imprisonment range of 360-life; this was the same range produced under § 4B1.1.

6