# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**CHARLES HORTMAN**
    **Petitioner,**

  v.                   Case No. 05-C-0308

**UNITED STATES OF AMERICA**
    **Respondent.**

## DECISION AND ORDER

Petitioner Charles Hortman filed this 28 U.S.C. § 2255 action attacking his conviction and sentence. I summarily denied three of his claims under Rule 4 of the Rules Governing Section 2255 Proceedings and ordered the government to answer the remaining seven. It did so, and I then permitted petitioner to reply. The matter is now fully briefed and ready for decision. Upon review of the submissions and the record of the prior proceedings, I conclude that an evidentiary hearing is not warranted. Rather, for the reasons that follow, I now deny the balance of petitioner's claims and dismiss the action. See Rule 8 of the Rules Governing Section 2255 Proceedings.

## I. BACKGROUND

Petitioner was found guilty by a jury of (1) conspiracy to possess with intent to distribute over five kilograms of cocaine; (2) conspiracy to commit money laundering; (3) money laundering; (4) possession with intent to distribute more than 500 grams of cocaine; and (5) being a felon in possession of a firearm. I sentenced him to a total of 360 months in prison, followed by five years of supervised release. Petitioner appealed, arguing that the prosecutor made an improper closing argument, and that I erred in determining drug

quantity and in imposing an enhancement for weapon possession under U.S.S.G. § 2D1.1. The court of appeals affirmed in an unpublished decision, United States v. Hortman, 82 Fed. Appx. 476 (7th Cir. 2003), and the Supreme Court denied certiorari, 541 U.S. 952 (2004).

In the instant motion, petitioner argued that (1) his lawyer was ineffective in seven respects, (2) he was the victim of prosecutorial vindictiveness, and (3) the sentence violated his Sixth Amendment rights because it was based on facts not charged in the indictment and found by the jury. I denied the latter two claims under Rule 4. (R. 4 at 2-6.) I address petitioner's ineffective assistance claims herein.

## II. DISCUSSION

### A. Ineffective Assistance Standard

In order to demonstrate ineffective assistance of counsel, petitioner must show two things. First, he must show that "counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687 (1984). Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

2

B.   **Analysis of Ineffective Assistance Claims**

1.   **Failure to Investigate Fingerprint Evidence**

Petitioner first argues that counsel failed to investigate certain fingerprint evidence. He states that he found two conflicting reports about the fingerprint evidence and asked counsel to hire an expert to examine all of the fingerprint evidence in the case. Petitioner states that he also asked counsel to examine the items his prints were found on, but counsel stated he did not have access to those items. Petitioner contends that if counsel had investigated he would have learned that law enforcement found a single print and a partial in the hotel room, and that the prints from the storage facility initially were found not to be his.[1]

As the government notes in its response, the testimony of Analyst Jeffrey May on the fingerprint issues was most thorough, and May's qualifications were unassailable. Further, defense counsel's apparent strategy of suggesting that the prints could be based on innocent contacts with the items, rather than attacking the print evidence itself, cannot be second guessed. See United States v. Farr, 297 F.3d 651, 658 (7th Cir. 2002) ("We will not second-guess trial tactics that are rationally based."). Finally, petitioner fails to explain with any specificity exactly how counsel erred in this respect. Counsel cross-examined May on any differences between his report and that of completed earlier by Patricia Cushing.

---

[1] Presumably, petitioner refers to the Manchester Suites hotel room from which the government seized cash, cocaine and a pistol, and the storage shed located at petitioner's father's home from which the government seized over $181,000 in cash. Petitioner's prints were found at both locations.

3

However, even assuming that counsel performed deficiently in this regard, there is no reasonable probability that the result would have been different. The fingerprint evidence was a small part of the government's case, which was overwhelming and featured approximately thirty-nine witnesses, including several co-conspirators, informants and law enforcement officers, as well as taped conversations between petitioner and co-conspirators during which petitioner discussed the distribution of cocaine.[2] Further, there was no real dispute at trial that petitioner was present at the hotel from which the contraband was seized – he was apprehended there by law enforcement – and petitioner did not at trial (and does not now) present any evidence that the cash found in the storage shed was reasonably attributable to someone else. Therefore, petitioner has not shown prejudice. See, e.g., Williams v. Davis, 301 F.3d 625, 632-33 (7th Cir. 2002) (rejecting ineffective assistance claim based on counsel's failure to appreciate serologist report until middle of trial or to present expert testimony about blood evidence because state's case was sufficient even without blood evidence).[3]

---

[2] For instance, cooperating witnesses Victoria Edwards, Shirley Slaughter and Nicole Edwards all testified as to their work as couriers for the conspiracy, and stated that petitioner picked them up at the airport and received cocaine from them. Michael Jackson testified about large-scale cocaine deals he middled for petitioner. Law enforcement also seized large amounts of cash from petitioner on several occasions, and the government presented evidence that he had no legitimate source of income.

[3] Petitioner cites Toro v. Fairman, 940 F.2d 1065, 1069 (7th Cir. 1991), for the proposition that failure to review police and laboratory reports can constitute ineffective assistance. However, as the court went on to hold in Toro, "While this shows that counsel was not thoroughly prepared, for the reasons discussed above, it is not reasonably probable that, but for counsel's failure to obtain these reports, the result of the trial would have been different." Id. For the reasons stated in the text, I reach the same result here.

4

### 2. Failure to Locate Lab Technician

Petitioner next claims that counsel was ineffective for failing to locate and subpoena a lab technician who conducted contradictory fingerprint tests. Petitioner contends that if this person had been located she would have testified that the initial test came back negative for petitioner's prints. He argues that counsel's failure to locate and interview a witness who had no apparent reason to help him constituted ineffective assistance.

Petitioner fails to describe the basis for his claim with any specificity or to present any evidence to support it, such as the reports he says he found. Perhaps he refers to Patricia Cushing's work at the hotel. However, without specifics, his claim fails. See, e.g., United States v. Hodges, 259 F.3d 655, 660 (7th Cir. 2001) ("An ineffective assistance of counsel claim cannot stand on a blank record, peppered with the defendant's own unsupported allegations of misconduct."). Further, for the same reasons as set forth above, petitioner cannot show prejudice. The government presented an overwhelming amount of evidence against petitioner. Advising the jury of a discrepancy in print evidence would not have affected the outcome.

### 3. Failure to Obtain Witnesses

Petitioner next claims that he told counsel to interview several co-defendants about his non-participation in the conspiracy, but counsel failed to do so. He states that Terri Edwards and Robert Brown would have contradicted several cooperating witnesses, and that their testimony would have shown that he did not participate in the charged conspiracy and that he never took any money to attorney James Shellow.

5

Relying on a letter from petitioner's trial counsel, the government responds that the decision not to call these witnesses was tactical. Counsel states that he did speak to Edwards, and that based on their conversation he decided that her testimony would not help (and may hurt) petitioner's defense.[4] Counsel further states that based on his discussions with petitioner and review of the discovery he concluded that Brown would have not provided any useful testimony. I am inclined to agree with the government that these decisions by counsel cannot be challenged. United States v. Best, 426 F.3d 937, 945 (7th Cir. 2005) (stating that "[a] lawyer's decision to call or not to call a witness is a strategic decision generally not subject to review. The Constitution does not oblige counsel to present each and every witness that is suggested to him.") (internal quote marks omitted).

However, even if counsel did fail to diligently pursue these witnesses, petitioner has not shown prejudice. In order to show prejudice based on a failure to interview and call witnesses, the petitioner must demonstrate with specificity what those witnesses would have said and how their testimony could have changed the outcome. See, e.g., Farr, 297 F.3d at 658-59; United States v. Rodriguez, 53 F.3d 1439, 1449 (7th Cir. 1995); Granada v. United States, 51 F.3d 82, 85 (7th Cir. 1995); United States ex rel. Partee v. Lane, 926 F.2d 694, 701 (7th Cir. 1991); United States v. Balzano, 916 F.2d 1273, 1296 (7th Cir. 1990). Petitioner has failed to meet that burden here. It is insufficient to simply assert, with no detail or evidentiary support, that witnesses would have helped the defense and

---

[4]In his reply brief, petitioner says that, according to Edwards, counsel never contacted her. (R. 13 at 2.) I need not resolve this dispute because, for the reasons stated in the following text, even under his version petitioner cannot show prejudice.

6

changed the outcome.[5] Petitioner fails to identify specifically the testimony Edwards and Brown would have provided, and the evidence and/or witnesses they would have contradicted.[6] He presents no affidavit from either. He also fails to account for the recorded phone calls, which clearly demonstrated his participation in the conspiracy. As the court noted in United States ex rel. Cross v. DeRobertis, 811 F.2d 1008, 1016 (7th Cir. 1987), "when the allegation of ineffectiveness of counsel centers on a supposed failure to investigate, we cannot see how . . . the petitioner's obligation can be met without a comprehensive showing as to what the investigation would have produced." Because petitioner has not met that obligation, his claim fails.

### 4. Failure to File Pre-Trial Motions

Petitioner next contends that counsel failed to file pre-trial motions for discovery and for severance of the firearm count. Regarding the discovery motion, petitioner does not contend that counsel failed to obtain all of the relevant evidence; rather, he complains that counsel did not timely provide him with a copy of the discovery at the jail.[7] However, petitioner fails to explain how this alleged failure affected the defense. This dooms his

---

[5]In his main brief, petitioner states that "co-defendant potential testimony . . . would have provided the basis for a motion for severance." (R. 2 at 5.) However, he fails to explain how this is so.

[6]In his reply brief, petitioner states that Edwards and Brown possessed "material facts" that would have shown that the government's witnesses were misleading the court and that would have refuted the testimony of Michael Jackson. (R. 13 at 2.) Because he does not state what those "material facts" are or how they could have affected the result, his claim fails.

[7]The record show that the government followed its open file policy in this case, and both the prosecutor and petitioner's counsel state that all discoverable materials were turned over. Petitioner does not dispute this.

claim. See, e.g., United States v. Tucker, No. 00-40060-03, 2004 U.S. Dist. LEXIS 6476, at *16 (D. Kan. Feb. 13, 2004) ("The defendant also contends that his counsel failed to . . . provide him with necessary discovery. The defendant has failed to indicate how his case would have turned out any differently with any . . . additional information.").

Regarding the severance motion, beyond an unadorned allegation that the addition of a felon-in-possession count in the superseding indictment was prejudicial, petitioner presents no argument concerning the merits of such a motion. In order to demonstrate prejudice based on counsel's failure to file a pre-trial motion, a habeas petitioner must show that the motion was probably a winner. See Owens v. United States, 387 F.3d 607, 608 (7th Cir. 2004). Petitioner has failed to do so here.

Petitioner concludes by arguing that had counsel filed motions he would have learned about statements made by Edwards and other co-defendants that were in accord with the defense and about the conflicting results of the lab tests. As noted above, petitioner has presented insufficient information regarding the alleged statements of Edwards and the other co-defendants, and has failed to demonstrate how those statements would have assisted him. As also noted above, petitioner has failed to show prejudice based on counsel's alleged failure to recognize and/or utilize contradictory lab test results. Therefore, this claim fails.

### 5. Failure to File Motion Re: Search of Motel Room

Petitioner next argues that counsel was ineffective because he failed to move to suppress evidence obtained in an illegal search of his motel room. Counsel's failure to seek suppression of illegally obtained evidence may amount to ineffective assistance. See Kimmelman v. Morrison, 477 U.S. 365, 383 (1986); Owens, 387 F.3d at 609-11. However,

in order to obtain collateral relief on such a claim, the petitioner must demonstrate that the motion was probably meritorious. Petitioner fails to present any argument as to the basis for the suppression motion he wanted filed, much less to show that the motion would probably have been granted.[8] His claim therefore fails.

### 6. Failure to Challenge Fingerprint Analysis

Petitioner next argues that counsel was ineffective for failing to challenge fingerprint analyses made by the same lab technician ninety days apart with two different results. He states that counsel told him he would explore the issue on cross examination of the lab tech, but that technician was not on the government's witness list. Counsel then stated that he could explore the issue through another witness. However, when he attempted to do so the government objected on hearsay grounds. Petitioner states that because of counsel's ineffectiveness, the government was allowed to misrepresent the fingerprint evidence and introduce damaging evidence about money found in the storage unit.

As explained above, counsel indicates that he made a strategic decision to present alternative explanations as to how the prints got where they were. Further, as also set forth

---

[8]Further, as the government and petitioner's trial counsel note, petitioner likely could not have shown that he had standing to challenge the search. He told police at the time of his arrest that he was there only to pay for another day of occupancy for his friend, "John." Moreover, by the time law enforcement got to the room, whoever rented it had lost occupancy rights due to lack of payment. Counsel states that he explained this to petitioner. In his reply brief, petitioner says that he never made any statement to the police, that he was prejudice by its introduction into evidence, and that counsel should have moved to suppress it or investigated its voluntariness. (R. 13 at 2-3.) Again, though, he provides no basis for his claims; nor does he explain how a motion to suppress the statement (which he denies making) could have prevailed.

9

above, petitioner fails to show prejudice based on this alleged deficiency. Therefore, the claim fails and must be dismissed.[9]

### 7. Failure to Investigate Arrest and Detention in Hotel

Finally, petitioner claims that counsel should have investigated his arrest and detention at the hotel where incriminating evidence was found. Petitioner claims that if counsel had investigated he would have learned that the key in petitioner's pocket was not for the hotel room at issue, and that the hotel's surveillance tapes showed that he did not enter the hotel room while it was rented. He states that he never saw the tapes until trial.

The claim fails. The evidence at trial established that law enforcement found two keys on petitioner's person at the time of his arrest at the hotel, both for Room 126, where the incriminating evidence was found. It appears that one key had been deactivated due to non-payment. Further, in claiming that counsel failed to obtain the surveillance tapes, petitioner fails to acknowledge that he was also identified by hotel employees. And, petitioner was arrested at outside the hotel by law enforcement after a chase; he had cocaine on his person at the time. Finally, as discussed above, the government had

---

[9]In his reply brief, petitioner contends that counsel should have hired an independent fingerprint expert, as he requested. However, he fails to explain what such an expert would have added to his defense or how it could have changed the result. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (stating that "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.").

10

extensive evidence aside from that recovered at the hotel. Therefore, even if counsel was deficient in not investigating this issue, petitioner has failed to show any prejudice.[10]

**C.     An Evidentiary Hearing is Not Warranted**

In his reply brief, petitioner contends that there are facts outside the trial record that warrant an evidentiary hearing. However, in order for a hearing to be granted, the petitioner must present a detailed and specific affidavit showing that he has actual proof of the allegations going beyond mere unsupported assertions. Galbraith v. United States, 313 F.3d 1001, 1009 (7th Cir. 2002). Mere allegations are all petitioner has presented, and bare ones at that. "There is no requirement that the district court grant an evidentiary hearing for every § 2255 petition alleging factual improprieties." Id.[11] Therefore, the request for a hearing is denied.[12]

---

[10] In his reply brief, petitioner states that he was searched and questioned in Room 126 of the hotel, then transferred to another room after the hotel manager complained. There, he requested to call his attorney, but the officers refused and yelled at him. (R. 13 at 5.) However, petitioner fails to allege any violation of Miranda, or to otherwise develop his argument. See also n. 8, supra.

[11] Petitioner complains that trial counsel's letter is unsworn. However, I have not relied on any disputed factual matters in this decision. Petitioner has failed to demonstrate prejudice or to make allegations specific and definite enough to warrant a hearing.

[12] In his reply brief, petitioner also claims that the felon in possession charge should be dismissed because it was added more than eighteen months after the original indictment was issued, and there is no record of the grand jury being extended beyond eighteen months. This claim was procedurally defaulted because petitioner failed to raise it directly. United States v. Frady, 456 U.S. 152 (1982). Further, he provides no authority supporting it.

11

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's remaining claims are **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that the government's motion to file its responsive memorandum instanter (R. 11) is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2006.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge